[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1634
The parties intermarried on April 18, 1980 at Trumbull, Connecticut. They have resided continuously in this state since that time. There are no minor children issue of this marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§46b-81, 46b-82 and 46b-62 of the Conn. General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for some 20 years. However, they have lived separate and apart since July 1996. The one child, issue of this marriage, is over the age of 18 years and presently attends college in Rhode Island.
The plaintiff is 48 years of age and in good health. In addition to being a homemaker, she has worked at various jobs outside the home. The plaintiff has worked at a day care facility for the past 14 years. The plaintiff also has a second job, working approximately 15 to 20 hours per week.
The defendant has been gainfully employed throughout the marriage. He is presently 54 years old. In June 1995, the defendant was involved in a very serious motorcycle accident in which he lost his right leg below the knee. The defendant has been fitted with a prosthetic and, to his credit, he is presently gainfully employed as a project manager earning approximately $78,000 per year. The defendant pursued a lawsuit and, on November 2, 1999, obtained a judgment in his favor in the amount of $1,635,000. This judgment is presently in an appeal status. This judgment is the major asset of this marriage.
The parties also own their marital home, valued at approximately $188,000 and subject to a first mortgage of approximately $104,000 and a second mortgage to the defendant's father in the approximate amount of $60,000. There is also a lot, 30 feet x 100 feet, next door to the marital home valued between $10,000 and $20,000.
The defendant stipulated that he had had an extramarital affair prior to July 1996. The marriage started to go downhill after June 1995 and the parties separated in June 1996. CT Page 1635
During the time the parties lived apart and up to the present time, the defendant has continued to pay the mortgage, taxes and insurance on the marital home occupied by the plaintiff and their daughter. The home was badly damaged in a storm in 1992 and the home was uninhabitable for a period of time. The parties received insurance proceeds and borrowed from the defendant's father and used these funds to renovate the home. The defendant is a master carpenter by trade and put in substantial sweat equity into the marital home. The defendant claims there is still substantial work to be done in the home.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has carefully considered the appropriate statutory criteria and enters the following orders:
REAL ESTATE
A. 1. The plaintiff shall transfer her interest in the real estate located at 31 and 25 Maddox Avenue, Milford, Connecticut to the defendant. The defendant, within 90 days of the date hereof, shall pay to the plaintiff the sum of $11,000. Upon receipt of said funds, the plaintiff shall vacate the premises within 30 days and shall leave the premises in broom-clean condition and shall commit no waste to the premises.
 2. The plaintiff shall be entitled to exclusive possession of the premises until she vacates as set forth above.
 3. The defendant shall be responsible for the mortgage, taxes and insurance and shall hold the plaintiff harmless from any liability on the first and second mortgages.
B. 1. In the event the defendant fails to pay the plaintiff the $11,000, within 90 days, then the marital home and the lot shall be placed on the market for sale and shall be sold forthwith.
 The listing price for the marital home and lot shall be agreed to by the parties in consultation with the realtor/listing broker. CT Page 1636
 2. The plaintiff shall be entitled to exclusive possession of the marital home until such time as it is sold. The plaintiff shall leave the premises in broom clean condition and shall commit no waste to the property.
 3. The defendant shall be responsible for the mortgages, taxes and insurance until such time as the property is sold.
 4. Upon the sale of the property (marital home and lot), the net proceeds, after the payment of the first and second mortgage, usual closing costs, real estate commission and attorney's fees, said net proceeds shall be equally divided between the plaintiff and the defendant.
 5. The court shall retain jurisdiction over any disputes arising out of the sale of the marital home and lot.
PROPERTY SETTLEMENT
TORT INJURY PROCEEDS
 1. As indicated, the defendant has recovered a judgment in the amount of $1,635,000. after trial by jury. This judgment has not been finalized due to the death of the trial judge. It is possible this case may be appealed.
 2. The plaintiff is awarded 20% of the defendant's net recovery of his personal injury claim including interest, after payment of the attorney's fees, related medical expenses, related costs, and appeal costs and fees if any, whether said recovery is by settlement or trial.
ALIMONY
 1. The defendant shall pay to the plaintiff as periodic alimony the sum of $175. per week commencing one week after the marital home and lot are sold or one week after the plaintiff vacates the property, whichever event shall CT Page 1637 first occur.
 2. Said alimony shall be paid until the plaintiff's death or remarriage, her cohabitation as defined by statute, the death of the defendant or for a term of 11 years whichever event shall first occur.
OTHER PERSONAL PROPERTY
 1. The plaintiff shall retain the furniture and furnishings contained in the marital home.
 2. The defendant shall be entitled to his boat and motorcycle.
 3. Each party shall retain their respective motor vehicle and personal affects in their respective possession.
 4. The plaintiff's name is to be removed as owner of a certain gun forthwith, as agreed by the parties, or the gun is to be turned over to the plaintiff.
HEALTH INSURANCE
 Each party shall be responsible for their own medical coverage.
ATTORNEY'S FEES
 Each party shall be responsible for their respective attorney's fees.
DEBTS
 Each party shall be responsible for the debts as listed on their respective financial affidavits.
COPPETO, J.